UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| CHARLES KINNEY, | Case No.  3:16-cv-02278-LB |
| Plaintiff, | |
| v. | **ORDER TRANSFERRING CASE** |
| JUDGE PHILIP S. GUTIERREZ, et al., | [ECF No. 39] |
| Defendants. | |

## INTRODUCTION

The plaintiff Charles Kinney sued a number of judges — District Judge Philip S. Gutierrez of the Central District of California; Presiding Justice Frances Rothschild, Justice Victoria Chaney, Justice Jeffrey Johnson, Presiding Justice Roger Boren, Justice Judith Ashmann-Gerst, and Justice Victoria Chavez of the California Court of Appeal; and Judge Barbara Scheper and Judge Gregory Alarcon of the Los Angeles Superior Court — for declaratory relief from various judgments entered against him.[1] Mr. Kinney also sued Michele Clark, David Marcus, and Eric Chomsky, who are residents of Los Angeles County, for declaratory relief stemming from allegedly improper counterclaims in previous litigation in Los Angeles County Superior Court that Mr. Kinney

---

[1] First Amended Compl. ("FAC") — ECF No. 21. Citations are to the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

ORDER (No. 3:16-cv-02278-LB)

alleges violated the terms of Ms. Clark's bankruptcy judgment.[2]

An ongoing dispute between Mr. Kinney and Ms. Clark began in 2005 when she sold him a home in Los Angeles known as the Fernwood property.[3] Mr. Marcus and Mr. Chomsky acted as Ms. Clark's attorneys in cases Mr. Kinney brought against her.[4] In this case, Mr. Kinney alleges that the defendants' actions caused or will cause "adverse consequences in this judicial district" such as "recording of abstracts of judgment in Alameda County by [the defendants]."[5] Mr. Kinney primarily alleges here that, in a number of Ms. Clark's state-court cases collecting outstanding debts from Mr. Kinney, which Mr. Kinney removed from state court to federal court, he filed counterclaims and third-party complaints that were not remanded to state court along with the complaint.[6] Mr. Kinney now seeks to resolve those counterclaims and third-party complaints.[7]

The defendants recount Mr. Kinney's many lawsuits surrounding the Fernwood property, including his civil RICO suit in 2014 and his FDCPA suit in 2016 that the undersigned transferred to the Central District of California. *See Kinney v. Chomsky*, No. 3:14-cv-02187-LB, Order – ECF No. 27 (N.D. Cal. July 25, 2014); *Kinney v. Marcus*, No. 3:16-cv-01260-LB, Order – ECF No. 29 (N.D. Cal. May 11, 2016); *Kinney v. Takeuchi*, No. 3:16-cv-02018-LB, Order – ECF No. 30 (N.D. Cal. August 8, 2016).[8] Mr. Kinney complains about many of the same transactions and alleges many of the same facts in all lawsuits, albeit sometimes under different legal theories.[9] The defendants move to transfer the case to the Central District of California under 28 U.S.C. § 1404(a).[10] The defendants consented to magistrate-judge jurisdiction.[11] Although Mr. Kinney has not consented to magistrate-judge jurisdiction, the court may decide this non-dispositive motion to

---

[2] *Id.*

[3] Amended Motion for Change of Venue – ECF No. 39 at 3.

[4] *Id.* at 2.

[5] FAC – ECF No. 21 at 6.

[6] *Id.* at 7-8.

[7] *Id.*

[8] Notice of Related Cases — ECF No. 38.

[9] *See generally* FAC – ECF No. 21.

[10] Motion – ECF No. 39 at 1-2.

[11] Consent – ECF No. 40.

United States District Court
Northern District of California

United States District Court
Northern District of California

transfer venue. *See Pavao v. Unifund CCR* Partners, 934 F. Supp. 2d 1238, 1241 n.1 (S.D. Cal.

2013) (collecting cases). The court can decide the matter without oral argument under Civil Local

Rule 7-1(b). The court grants the motion to transfer.

## GOVERNING LAW

28 U.S.C. § 1404(a) states: "For the convenience of parties and witnesses, in the interest of

justice, a district court may transfer any civil action to any other district or division where it might

have been brought." Although Congress drafted § 1404(a) in accordance with the doctrine of

*forum non conveniens*, it was intended to be a revision rather than a codification of the common

law. *Piper Aircraft v. Reyno*, 454 U.S. 235, 253 (1981); *Norwood v. Kirkpatrick*, 349 U.S. 29, 32

(1955). Thus, a § 1404(a) transfer is available "upon a lesser showing of inconvenience" than that

required for a *forum non conveniens* dismissal. *Norwood*, 349 U.S. at 32.

The burden is upon the moving party to show that transfer is appropriate. *Commodity Futures

Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979); *see also Los Angeles Mem'l

Coliseum Comm'n. v. Nat'l Football League*, 89 F.R.D. 497, 499 (C.D. Cal. 1981), *aff'd*, 726 F.2d

1381, 1399 (9th Cir. 1984). Nonetheless, the district court has broad discretion "to adjudicate

motions for transfer according to an 'individualized, case-by-case consideration of convenience

and fairness.'" *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (quoting

*Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)); *see Westinghouse Elec. Corp. v. Weigel*,

426 F.2d 1356, 1358 (9th Cir. 1970).

An action may be transferred to another court if: (1) that court is one where the action might

have been brought; (2) the transfer serves the convenience of the parties; and (3) the transfer will

promote the interests of justice. *E & J Gallo Winery v. F. & P. S.p.A.*, 899 F. Supp. 465, 466 (E.D.

Cal. 1994) (citing 28 U.S.C. § 1404(a)). The Ninth Circuit has identified numerous additional

factors a court may consider in determining whether a change of venue should be granted under

§ 1404(a):

> (1) the location where the relevant agreements were negotiated and executed, (2)
> the state that is most familiar with the governing law, (3) the plaintiff's choice of
> forum, (4) the respective parties' contacts with the forum, (5) the contacts relating

1   to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs
2   of litigation in the two forums, (7) the availability of compulsory process to compel
    attendance of unwilling non-party witnesses, and (8) the ease of access to sources
    of proof.

3   *Jones*, 211 F.3d at 498–99. Courts may also consider "the administrative difficulties flowing from

4   court congestion . . . [and] the 'local interest in having localized controversies decided at home.'"

5   *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (quoting *Piper*

6   *Aircraft*, 454 U.S. at 241 n. 6).

7   　　Generally, the court affords the plaintiff's choice of forum great weight. *Lou v. Belzberg*, 834

8   F.2d 730, 739 (9th Cir. 1987). But when judging the weight to be given to plaintiff's choice of

9   forum, consideration must be given to the respective parties' contact with the chosen forum. *Id.* "If

10  the operative facts have not occurred within the forum and the forum has no interest in the parties

11  or subject matter," the plaintiff's choice "is entitled only minimal consideration." *Id.*

12

13  　　　　　　　　　　　　　　　　**ANALYSIS**

14  　　The defendants have met their burden to show that transfer is appropriate.

15  　　First,  Mr. Kinney could have brought his action in the Central District. The general venue

16  requirements of 28 U.S.C. § 1391(b) are met because all defendants reside in the Central District,

17  a substantial part of the events occurred there, and all three defendants may be found there. Mr.

18  Kinney does not dispute this in his opposition.

19  　　Second, the defendants have shown that transfer serves the convenience of the parties and will

20  promote the interests of justice. The defendants live and work in Los Angeles, the property is

21  there, Mr. Kinney litigated cases about the Fernwood property there, and the witnesses are there,

22  400 miles away, outside the reach of compulsory process. The docket sheet reflects that Mr.

23  Kinney is a lawyer with law offices in Oakland, but he has a home in Los Angeles and thus resides

24  here and in the Central District. As for promoting the interests of justice, only one factor supports

25  keeping the case here: Mr. Kinney's choice of forum. The remaining factors favor transfer. As the

26  court held previously, to the extent that there are some contacts here (such as the allegations that

27  Ms. Clark improperly sought to collect debts here), everything else took place in the Central

28

*United States District Court*
*Northern District of California*

1    District.[12]

2        In sum, the court concludes that the defendants met their burden to show that transfer of the

3    lawsuit to the Central District of California is appropriate under 28 U.S.C. § 1404(a).

4

5                                              **CONCLUSION**

6        The court grants the defendants' motion to transfer and transfers the case to the Central

7    District of California. The court grants the request to take judicial notice of public-record

8    documents showing the existence of other litigation (but does not take judicial notice of the facts

9    contained in the documents). This disposes of ECF No. 20.

10       **IT IS SO ORDERED.**

11       Dated: August 15, 2016

12                                                        _____

13                                                        LAUREL BEELER
                                                          United States Magistrate Judge
14

15

16

17

18

19

20

21

22

23

24

25

26

27

---

28    [12] Order, Case No. 3:14-cv-02187-LB – ECF No. 27 at 6-7; FAC – ECF No. 21 at 6-7.